# ISPHORDING v. WOLFE.

[No. 5,450.    Filed October 11, 1905.]

1. CONTRACTS. — *Real Estate Commissions.* — *Statutes.* — Where the owner of real estate wrote to a real estate dealer asking his charges for making a sale of a certain house, and he answered $270, and such owner replied that she was "sorry we have to let it go at that," but that she was "anxious to sell now," is a contract in writing within the terms of the statute (§6629a Burns 1901, Acts 1901, p. 104).    p. 251.

2. SAME.—*Husband and Wife.—Real Estate.*—A written contract executed by a married woman alone for the payment of a commission for the sale of her separate real estate is valid.    p. 253.

3. SAME.—*Securing Purchaser for Real Estate.*—Where the owner of real estate contracts in writing with a real estate dealer, for a commission, to secure a purchaser for such real estate, and he secures a valid proposal upon the agreed terms, he is entitled to such commission regardless of whether the owner ever carried out the contract of sale.    p. 253.

From Marion Circuit Court (11,717); *Henry Clay Allen,* Judge.

Action by George Wolfe against Anna M. Isphording. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Barrett & Barrett, Powell & Smiley* and *Fred Bertram,* for appellant.

*Edenharter & Mull,* for appellee.

Roby, J.—Action by appellee. Demurrer to complaint, for want of facts, overruled. Answer in three paragraphs, demurrers to each of which were sustained, and general denial filed.

The issue thus made was tried without a jury, and the general finding made for appellee, upon which judgment was rendered. No evidence was introduced upon 1. the trial by appellant. The determination of the appeal depends upon a single proposition, which is variously presented, *i. e.,* whether a written contract to pay commission is shown, conforming to the provisions of the act of March 5, 1901 (Acts 1901, p. 104, §6629a Burns 1901). Appellant, a married woman, residing in Cincinnati, was the owner of certain Indianapolis real estate, which she desired to sell. Appellee, a real estate broker of Indianapolis, had endeavored to procure a purchaser for it. In this he was, after some time, successful, and submitted a proposition of purchase. If a written contract for the payment of commission exists, it is found in certain letters which passed between the parties in this action. On February 11, 1902, appellant wrote a letter as follows: "Mr. Wolfe, Dear Sir: Your letter received. I find that you are right concerning the taxes, but I think, if we sell at that figure, he should assume those taxes. Mr. Isphording said we had to. It's just as you say, if we sell we will avoid the taxes in April; also a new roof it needs now. So let me know by return mail what per cent you get, and all particulars. Yours very respectfully, Mrs. R. C. Isphording." On February 18 appellee procured a written proposition from his customer, and notified appellant thereof, concluding his letter as follows: "As to my commission, it will be the customary one: On the first $1,000,

four per cent, or $40; on the next $2,000, three per cent, or $60; on the balance, $8,500, two per cent, or $170; total sale, $11,500, total commission, $270. Mr. Langenskamp's offer, of course, provides that you must deliver the property clear of any and all encumbrances. If you have an abstract to said real estate, you had better send it to me for continuation. If you have no abstract, authorize me to have one made. At all events, advise me at once of your decision. Yours truly, George Wolfe."

On February 21 appellant wrote as follows: "Mr. Wolfe. Dear Sir: Your letter of the 19th received. Sorry we have to let it go at that, but am anxious to sell now. Enclosed find abstract of title. I suppose it is necessary to hire an attorney to finish up matters. If so, we will hire a Mr. Hauck here, an acquaintance of ours. Expect to hear from you soon. Yours very truly, Mrs. R. C. Isphording. P. S. Sanders & Recker have possession until March 10."

On February 25 she wrote the following letter: "Mr. Wolfe: Dear Sir: I have had a better offer from a Cincinnati man by far than you could give. Will you please be kind enough to return abstract of title and I will pay you for any trouble you went to. I am sorry, but you can not blame under the circumstances. Please send by return mail and oblige, Yours very truly, Mrs. R. C. Isphording."

The subject-matter of the proposed sale is clearly shown by the correspondence, and includes a definite statement of the commission to be paid. Section one of the act of 1901, *supra,* is as follows: "That no contract for the payment of any sum of money, or thing of value, as and for a commission or reward for the finding or procuring, by one person, of a purchaser for the real estate of another shall be valid, unless the same shall be in writing, signed by the owner of such real estate or his legally appointed and duly qualified representative." Written evidence is required, where a commission for finding or procuring a purchaser of real estate is claimed. The statement made by appellee

was assented to by appellant, and furnishes the sole measure of her liability. *Beahler* v. *Clark* (1904), 32 Ind. App. 222.

That a married woman has no power to convey her real estate, except her husband join in such conveyance, is beside the question. She has power to bind herself for

2. the payment of services rendered to her. §6960 Burns 1901, §5115 R. S. 1881; *Rosa* v. *Prather* (1885), 103 Ind. 191; *Arnold* v. *Engleman* (1885), 103 Ind. 512; *Young* v. *McFadden* (1890), 125 Ind. 254.

The contract was sufficient to bind the proposing purchaser, thereby securing to appellant the opportunity for which she sought. The right to the commission was

3. not dependent upon the consummation of the transaction by appellant, but became complete upon the procurement of a person ready and willing to buy. *McFarland* v. *Lillard* (1891), 2 Ind. App. 160, 50 Am. St. 234.

The trial court did not err in overruling the demurrer to the complaint, in sustaining demurrers to the answers, or in overruling appellant's motion for a new trial.

Judgment affirmed.