## TILDEN v. SMITH.

An extension of time by real estate agents employed to find a purchaser for land to the owner to complete the sale is no defense to an action for their commission where without consideration.

A contract not in writing does not of itself import a consideration.

The addition in the complaint for commissions for finding a purchaser for land of a more complete description thereof than is contained in the contract employing the agents, while perhaps not necessary, did not render the contract inadmissible.

The description "My ranch at Buffalo Gap" in a contract of employment to find a purchaser therefor was sufficient to identify the property, in the absence of proof that the owner had any other ranch in the vicinity, and it was competent for the agent to show, in an action for commissions, the number of acres in the ranch.

Witness testified that he wrote a letter to another and received a reply thereto in due course of mail, and such other testified that he received a letter of the character of witness' and replied thereto. Held, that the reply was sufficiently identified as the letter of such other person, and properly admitted.

Where a prospective purchaser examined land before withdrawal of the agents' authority to sell the same, and thereafter told the agents that he would take the land, and that he had made up his mind to do so before the latter time, it may reasonably be presumed that he decided to purchase at the time he examined the land and before the withdrawal of the authority to sell.

An owner cannot by withdrawal of authority to find a purchaser affect the agent's right to a commission, where he has found a purchaser able, ready, and willing to buy, though he may not have formally agreed upon the terms of sale with the purchaser at the time he receives such notice.

Where an issue raised in the answer has been eliminated by the sustaining of a demurrer to that part thereof, evidence tending to prove the fact alleged is properly excluded as incompetent.

(Opinion filed, Jan. 26, 1910.)

Appeal from Circuit Court, Fall River County. Hon. Levi McGee, Judge.

Action by Myron W. Tilden against C. H. Smith. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

*Elmer R. Juckett,* for appellant. *Eastman & Dudley,* for respondent.

CORSON, J. This is an appeal by the defendant from a judgment rendered in favor of the plaintiff. and order denying a new trial.

It is alleged in the complaint, in substance, that on the 5th day of January, 1907, the defendant entered into a contract with G. M. Cleveland and Myron W. Tilden, copartners doing business under the firm name of Cleveland & Tilden, whereby the said defendant agreed to pay said Cleveland & Tilden, copartners aforesaid, the sum of $1 per acre as commissions for selling the irrigated farm owned by said defendant, that the said Cleveland & Tilden advertised said farm for sale, and at great expense and much labor succeeded in finding a purchaser for said farm at the price agreed upon, viz., $30 per acre, but that said defendant refused and continues to refuse to sell said farm. It is further alleged that G. M. Cleveland, copartner as aforesaid, has assigned to the plaintiff for value all of his right, title, and interest in and to the money due under said contract. The defendant in its answer denies generally and specifically each and every allegation of the plaintiff's complaint except as thereinafter specifically admitted, and specifically denies that he ever entered into such contract as alleged in paragraph 1 of the plaintiff's complaint; denies that said Cleveland & Tilden spent any sum of money whatever for the advertisement of the premises of the defendant for sale; denies that they have ever procured a purchaser at the price agreed upon, but admits that on or about the 23d day of February, 1907, the said Cleveland claimed that he had a purchaser for defendant's land, and agreed orally with the defendant that he (the defendant) could have until March 2, 1907, to induce defendant's wife to sign deed and complete the sale. The defendant for a further defense alleges that on the 15th day of February, A. D. 1907, and before the plaintiff herein or the said Cleveland & Tilden had made any sale of the said property, or claimed to have made any sale of the same, the said defendant revoked the right in writing of the said Cleveland & Tilden to dispose of said property, and withdrew the sale of said property from their hands. "The points upon which the defendant relied, briefly stated. are: That the court erred in sustaining the demurrer to that part of defendant's amended answer pertaining to an extension of time by an oral

agreement. Second. That the court erred in allowing Exhibits A, B, and C to be introduced in evidence. Third. That the court should have allowed testimony relative to the extension of time between the plaintiff and defendant giving defendant until March 2, 1907, to sign the deed to the property. Fourth. That the court misstated the law to the jury in his instructions. Fifth. That the court erred in overruling defendant's motion for a directed verdict at the close of the trial, and also erred in refusing to grant a new trial."

Plaintiff demurred to that part of the defendant's answer pertaining to an extension of time by an oral agreement, for the reason that it does not state facts sufficient to constitute an answer to plaintiff's cause of action. This demurrer was sustained by the court, and the sustaining of this demurrer is assigned as error. The demurrer was properly sustained for the reason that no consideration is alleged for the extension of time, and the agreement, not being alleged to be in writing, did not of itself import a consideration.

On the trial the plaintiff introduced in evidence the following contract marked "Exhibit A": "Hot Springs, S. D. Jan. 5, 1907. I, C. H. Smith do hereby agree to pay Cleveland & Tilden as commission the sum of $1.00 per acre for the sale of my ranch at Buffalo Gap, providing they are the means of my selling the ranch, either by closing the sale for me, or sending me a buyer before the 1st day of April, 1907. [Signed] C. H. Smith." Defendant objected to the introduction of Exhibit A for the reason that it is not the contract set up in the complaint, and that the instrument is incompetent to prove any of the issues in the case under the complaint. This objection was overruled by the court, and we think properly, as the complaint sets out the contract in substance, and adds thereto a more complete description of the property than that contained in the agreement, and, as the agreement was a short memorandum agreement, the addition of the description of the property, while perhaps not necessary, and may be regarded as surplusage, did not have the effect of rendering the contract inadmissible. In connection with this agreement, the plaintiff offered in evidence what pur-

ported to be a description of the property given by Mr. Smith, made at the same time, but not included in terms in the contract signed by Smith, and designated "Exhibit B." "The defendant objected to the introduction of Exhibit B for the reason that a written contract was afterwards entered into, and that it tends to vary the terms of said written contract. Further, the matter contained in the book (in which this description was written down) does not set out the description of the land in any manner, and does not correspond to the description of the land in the complaint." This objection was overruled and an exception taken. Exhibit B so offered in evidence and admitted gives generally a description of the premises, the number of acres which could be irrigated, and a description of the buildings, but does not describe the premises specifically by setting out the sections, township, range, etc., as given in the complaint. In the view we take of the case, Exhibit B was immaterial, and the description "my ranch at Buffalo Gap" is sufficient for the purposes of identifying the property, in the absence of proof that the defendant owned any other ranch in the vicinity of Buffalo Gap, and it was competent for the plaintiff to show on the trial the number of acres contained in the farm upon the sale of which the plaintiff was entitled to a commission. The admission of Exhibit B, while perhaps unnecessary, did not constitute reversible error.

Objection was also made to the introduction of Exhibit C as incompetent, immaterial, and not properly identified as to the signature of Mr. Haaser. It appears from the testimony of the plaintiff that he wrote Haaser at Buffalo Gap on February 11th, telling him of the farm, and asking him to go and look at it, and he testified that Exhibit C was a reply to that letter, and was received in due course of mail before the 16th of February. It further appears in the evidence of Mr. Haaser that he received such a letter and replied to it. The letter therefore was sufficiently identified as the letter of Mr. Haaser, and was material, and was therefore properly admitted. It appears from the evidence that after the execution of the contract Exhibit A the plaintiff and his assignor proceeded to find a purchaser for the

defendant's farm; that notices were sent out to various parties, and that the plaintiff and his' assignor succeeded in finding a purchaser, able, ready, and willing to take the property; and that defendant refused to make the sale. It is disclosed by the evidence that on February 14th one Haaser, with whom Cleveland & Tilden were negotiating for the purchase of defendant's property, wrote them that he would be over and see them in regard to the property on the 16th of that month. On the 15th he examined the property, but did not see Cleveland & Tilden until the 18th, when he informed them that he would take the property as soon as they could give him a good title to the same. As to what occurred at this time, Mr. Haaser testified as follows: "Got a letter from Cleveland & Tilden saying that they would sell the Smith ranch for $30 per acre. C. I. Moyer and I looked at the ranch on Friday morning. I introduced Mr. Smith to Mr. Moyer and said Cleveland & Tilden wanted us to look at the ranch, and see if we wanted to buy it. * * * On Monday I went to Cleveland and asked if that was the best he would take for the place, and he said, 'Yes.' I said, 'Whenever you give me a good clean title and abstract to the property, I will pay you the money at the Bank of Hot Springs.'" Mr. Haaser further testified: "I had made up my mind to take the property before Monday, but wanted to get it cheaper if possible. I then said I was willing to take the place." He further testified that about the last of February he bought three quarter sections of dry land. Mr. G. G. Smith, a witness for the plaintiff, testified as follows: "I am cashier of the bank at Hot Springs. Mr. Haaser made arrangements to get $9,600 of me." It is further disclosed by the evidence that on the 15th of February the defendant, after the letter of Haaser was written to Cleveland & Tilden, and on the same day that Haaser examined the farm, wrote them as follows: "You will have to call the deal off, for my wife says she will not sell." When this letter was received by Cleveland & Tilden does not affirmatively appear by the record, but we may assume that they received it on that day, or the day following.

It is contended by counsel for the appellant that, as the

agency was revoked before any sale was actually agreed to between Cleveland & Tilden and the proposed purchaser, they were not entitled to their commission. This contention is untenable for the reason that it clearly appears from the evidence that Cleveland & Tilden had found a purchaser ready, able, and willing to take the property at the price specified by the appellant prior to appellant's revocation of the authority to sell. As Haaser examined the property on the morning of the 15th, and as he said to Cleveland & Tilden on the 18th that he would take the property, and that he had made up his mind to take the property before the 18th, we may reasonably presume that he decided to take the property at the time he examined it on the morning of the 15th. But, assuming that he did not fully decide to take the property at the time he examined it on the 15th, still we are of the opinion that the defendant could not, after negotiations were opened between Cleveland & Tilden and Haaser, withdraw the property from sale, so as to deprive Cleveland & Tilden of their commission. While undoubtedly the defendant might withdraw the property from sale before a purchaser was found, and could not be required by the plaintiff and his assignor to complete the sale, yet he could not by such withdrawal affect their rights to a commission after they had found a purchaser ready, able, and willing to take the property, although they might not have formally agreed upon the terms of sale with the proposed purchaser at the time they received notice of such withdrawal. It would be manifestly unfair and unjust to the broker to permit the seller, after he had ascertained who the proposed purchaser was, to withdraw the property from sale, and thereby deprive the broker of his commission. We are clearly of the opinion, therefore, that in the case at bar Cleveland & Tilden had complied with the terms of their contract, and had found a purchaser ready, able, and willing to take the property, and were therefore entitled to their commission. 19 Cyc. 242, 243; 23 Am. & Eng. Enc. of Law, 919; Arnold v. National Bank, 126 Wis. 362, 105 N. W. 828, 3 L. R. A. (N. S.) 580; McDonald v. Smith, 99 Minn. 42, 108 N. W. 291; McDermott v. Mahoney, 106 N. W. 925; Isphording v. Wolfe, 36 Ind. App. 250, 75 N. E.

598; Lemon v. Carter, 116 Ill. App. 421; Taylor v. Schofield, 191 Mass. 1, 77 N. E. 652; Hill v. McCoy, 1 Cal. App. 159, 81 Pac. 1015.

In 23 Am. & Eng. Enc. of Law, the rule is thus stated: "Where the broker has fully performed his undertaking by producing a person who is ready, willing, and able to purchase or lease his employer's property at the price or rental and upon the terms stipulated for, * * * he is entitled to his commission, and his right is not defeated by the fact that his employer has failed or refused to consummate the transaction by making the proposed sale, * * * or that the consummation of the transaction is otherwise prevented through the fault of the employer." In Arnold v. National Bank, supra, it was held by the learned Supreme Court of Wisconsin, as appears by the headnote, as follows: "Real estate agents who within the period fixed by their contract of employment find a customer ready, able, and willing to purchase the land at a price sufficient to net the vendor the sum stipulated by him are entitled to the agreed commission, whether the sale is consummated or not, although the failure to make the sale is due to the vendor's inability to make good title."

On the trial the appellant offered evidence tending to prove that on the 23d of February Cleveland had given him an extension of time in which to determine whether he would · sell or not until the 2d of March. This evidence was objected to on the ground that it was incompetent, and tended to vary and contradict the terms of a written instrument. It was excluded by the court, and we are of the opinion that the court was correct in excluding the same on the ground that it was incompetent under the pleadings, for the reason that that part of the answer pleading an extension of time was demurred to and the demurrer sustained, and that issue therefore was eliminated from the case. It is further disclosed by the evidence that on the 2d of March the appellant's wife consented to the sale of the property, and that thereupon the defendant informed Cleveland that he had finally concluded to make the same. In regard to this matter Mr. Cleveland testified as follows: "On March 2d Mr. Smith came into my office late in the afternoon and said that his wife was

then willing to sell, and I told him I would see Mr. Haaser, but did not know whether Mr. Haaser would buy then or not, and I told him we would make the sale if we could, but I told him we would not release him from his contract, as we had already found him a buyer, and he had refused to sell." It will be observed from the testimony of Mr. Haaser that about the last of February he purchased other land, and, of course, would not then take the defendant's property. It is quite clear from the testimony of both Cleveland & Tilden that they in making a further effort to make a sale to Haaser were performing a friendly act, which did not in any manner affect their right to commissions under the contract.

Exceptions were taken to certain parts of the judge's charge to the jury, but upon an examination of the same we are of the opinion that the court committed no error, but very fully and fairly submitted the case to the jury.

We have not overlooked the other assignments of erroi, but in our opinion they are not of sufficient merit to require a special consideration.

Finding no error in the record, the judgment of the circuit court and order denying a new trial are affirmed.