MARTIN PAULSON, Respondent, v. J. A. REEDS, Appellant.

(183 N. W. 641.)

**Brokers — whether sale negotiated was in substantial conformity to listing agreement held question of fact.**

1. In an action by a broker to recover commissions earned under an express contract for the sale of real property, it appeared that the broker negotiated a contract for the sale which departed somewhat from the listing agreement. The evidence was conflicting as to whether the defendant accepted the contract as a substantial fulfillment of the agency or upon condition that the agent would reduce his commission to make up the difference between the value of a contract conforming to the listing agreement and that actually negotiated. It is *held*:

Following a prior decision in the same case, a question of fact is presented upon such conflicting evidence.

**Brokers — broker held entitled to commission for sale not strictly conforming to listing agreement.**

2. Where an owner signed a contract for the sale of land negotiated by a broker with knowledge that it did not conform to the listing agreement, and without terminating the agency or modifying the agreement

relating to commissions, the broker is entitled to recover the stipulated commission.

Opinion filed May 18, 1921. Rehearing denied June 23, 1921.

Appeal from District Court, Richland County; *Graham,* J.

Affirmed.

*W. S. Lauder,* for appellant.

Under such an agreement the plaintiff's recovery must be upon a quantum meruit and not for a stated amount, and that is undoubtedly the law. Louva v. Worden, Paulson v. Reeds, 33 N. D. 141-146; Harris v. Van Vranken, 32 N. D. 238; Paulson v. Reeds, 39 N. D. 329.

Where a party sues on an express contract he cannot recover on an implied contract nor on a quantum meruit. Paulson v. Reeds, 33 N. D. 141; 39 N. D. 329; Cyc. Vol. 9, 739 et seq.; Morrow v. Board of Education, 64 N. W. 1126, (S. D.); Wernli v. Collins, 54 N. W. 365; Ball v. Dolan, 114 N. W. 998; Ency. Pl. & Pr. Vol. 2, 990; Beers v. Schallern, 161 N. W. 557, (N. D.)

*Wolfe & Schneller,* for respondent.

BIRDZELL, J. This is an appeal from a judgment in favor of the plaintiff for $1,200, interest, and costs in an action to recover a commission for the sale of real estate. · The action has been pending for 10½ years, and this is the fourth appeal. The facts have been amply stated upon the previous appeals, and need not be restated in full here. See Paulson v. Reeds, 24 N. D. 211, 139 N. W. 1135, 33 N. D. 141, 156 N. W. 1031, and 39 N. D. 320, 167 N. W. 371. After the last remand to the district court, a stipulation was entered into whereby it was agreed that the case should be submitted to the court, Hon. F. J. Graham, Judge, presiding, without a jury, and that it be submitted upon the testimony which had been transcribed in separate statements of the case as settled and allowed on appeals to this court. It was specifically stipulated that the court, in the decision of the questions involved, might consider the testimony with the same force and effect as though the wit-

nesses were again sworn and the same testimony given in open court. After considering the case, the court made findings of fact and conclusions of law favorable to the plaintiff, and ordered judgment accordingly.

The complaint alleges a cause of action upon an express contract. It states that on or about the 28th day of June, 1910, the plaintiff and defendant entered into an agreement whereby the defendant agreed to pay the plaintiff for his services in securing a purchaser for certain lands such amount as might be realized from the sale over and above $16 per acre, and that thereafter, on the same day, the plaintiff procured as a purchaser, one Huey, who was then ready, willing, and able to purchase the lands upon the terms agreed upon by the plaintiff and defendant, and who did so purchase them at the price of $17.50 per acre; whereupon, pursuant to the agreement, the plaintiff had earned the stipulated compensation of $1,200. It seems that just prior to the signing of the sale contract which the plaintiff had negotiated with Huey the plaintiff induced the defendant to sign a memorandum which has been referred to in the previous records as Exhibit A. The memorandum reads:

"Wyndmere, N. D., June 28, 1910.

"Martin Paulson:—You are hereby authorized to sell my land, west one-half and S. E. quarter, section 21, and east ½ 20—133—52, at ($16.00) per acre, net to me.

"J. A. Reeds."

In the previous appeals the records have contained testimony showing that, at the time the sale contract, referred to at various times as Exhibit B, was signed by the defendant, the question was raised that it did not embody the terms which the defendant had previously agreed to accept, in that the cash payment was smaller and the interest rate less on the deferred payments than he had stipulated for in the listing agreement. The effect of this departure was to make the value of the contract less than "$16 per acre net" to the defendant according to the meaning which that expression was mutually understood to convey at the time it was embodied in Exhibit A. It has been the contention of the plaintiff that, notwithstanding the sale contract, Exhibit B, involved a departure from the listing terms previously agreed upon, the defendant, on June 28, 1910, accepted it as a fulfillment of the agency contract without any reduction in the commission; that the defendant accepted the aggregate consideration. amounting to $17.50 per acre, as not reduced by the smaller cash payment.

and the lower rate of interest on the deferred payments stipulated for in the sale contract, and that the only change affecting the commission was an agreement to defer its payment until November; whereas, it has been the contention of the defendant, on the other hand, that the plaintiff agreed on June 28th, at the time the sale contract was signed, that he, the plaintiff, would make up the difference between the value to the defendant of the sale contract actually negotiated and the value of one in strict accordance with the listing agreement.

At this point it is convenient to state the grounds of reversal upon the previous appeals. Upon the first appeal the plaintiff and respondent confessed error. The action having been brought upon an express contract for $1,200, and the verdict and judgment being for less than that, it was the respondent's contention that the recovery should have been either for the whole amount or for nothing. Upon the second trial the plaintiff recovered $1,200, but the court, in its instructions, gave controlling effect to the memorandum of June 28th, Exhibit A above quoted, as against the remainder of the contract of the parties. In view of the testimony relating to the transaction taking place when the sale contract was signed, this was held to be prejudicial. In the third appeal it appeared to the majority of this court that the trial court had again effectually removed from the consideration of the jury the defendant's version of the transaction of June 28th in connection with the signing of the sale contract.

Upon this appeal the defendant challenges the findings of fact of the trial court, and contends that it appears as a matter of law upon the previous records that the plaintiff has no cause of action upon the express contract sued upon, but at most has an action for the quantum meruit. It is pointed out that the plaintiff's own evidence shows that the sale contract with Huey involved a departure from the listing contract in the particulars hereinbefore stated, and from this it is argued that the plaintiff is not legally entitled to recover as upon a performance of the express contract. Upon the last previous appeal the substance of this contention was urged as a ground for directing the dismissal of the action. While this court reversed the judgment, it refused to direct a dismissal, saying (Paulson v. Reeds, 39 N. D. 329-341, 167 N. W. 371, 374) :

"We do not agree with appellant's counsel wherein he contends that, under the complaint, which alleged an express contract entered into on the 28th day of June, 1910, there can be no recovery under the evidence in this case. There was ample evidence from which the jury could have

found that the express contract upon which plaintiff sues was made. There was, therefore, no error committed in refusing to grant the motion for a directed verdict. As we view the record, all of the evidence descriptive of the transaction had at the time of the signing of the sale contract should have been left to the jury under proper instructions, and from it they would have been warranted in finding that the defendant expressly agreed to pay the plaintiff the full amount of his commission, or that he expressly agreed to pay him a portion only of the commission originally agreed upon, or that no agreement whatever was reached, in which event, under proper pleadings, the recovery would be limited to the quantum meruit."

It also said, at page 339 of 39 N. D., at page 374 of 167 N. W.:

"* * * The record in this case discloses clearly that the signing of exhibit 'B' by the defendant, under the circumstances, was an equivocal act, and one reasonably susceptible of the inference that Reeds was thereby expressing his agreement to the payment of a commission measured by the difference between the value of exhibit 'B' compared to the contract originally contemplated, or an agreement by him to pay a reasonable commission, or, if the jury disbelieved his version and believed that of the plaintiff, that he was to pay the full amount of the commission originally agreed upon, but was to be given until November 15th following to pay it."

The foregoing statements were deliberately made after a careful consideration of the conflicting evidence relating to the entire transaction of June 28th. In view of the pendency of this case for so long a time, it should not be assumed that this court at so late a date would have remanded the case for a retrial if it were of the opinion that in the state of the record no recovery could be had under the pleadings and the evidence. Neither should it be assumed that we would give but passing attention to a question going to the root of this protracted litigation. Our opinion remains the same. The foregoing quoted expressions became the law of the case, and we are not now disposed to enlarge upon the reasons for so concluding. It is unnecessary to review our former holdings to determine the credence that should be given the findings of the trial court in the light of the circumstances in which this case was submitted to the judge. There is abundant evidence to warrant findings that the defendant accepted the sale contract, Exhibit B, as a substantial compliance with the terms of the agency, and with knowledge that the plaintiff was claiming for negotiating the sale the full commission of $1,200. We are of the

opinion that the defendant became liable for the full commission if he in fact continued to recognize the plaintiff as his agent and signed the contract with Huey, knowing at the time that the listing contract had been in some respects departed from; provided that by his words or actions he manifested the intention to become bound for the full amount. See Red River Valley Land Co. v. Hutchinson, 41 N. D. 193, 170 N. W. 317; S. E. Crowley Co. v. Myers, 69 N. J. Law, 245, 55 Atl. 305. Whether or not he did so manifest the intention to become bound for the full commission presents a question of fact. The evidence does not warrant overturning the decision of this question by the trial court in favor of the plaintiff.

The judgment appealed from is affirmed.

CHRISTIANSON, J., concurs.

BRONSON, J., concurs in result.

GRACE, J. (specially concurring). This is the fourth appeal in an action by plaintiff to recover commissions claimed to have been earned in consummating a sale of 800 acres of land. See Paulson v. Reeds, 24 N. D. 211, 139 N. W. 1135, 33 N. D. 141, 156 N. W. 1031, and 39 N. D. 329, 167 N. W. 371.

The case has been four times before the trial court, and, with the exception of the first trial, where plaintiff recovered a $700 judgment, in each of the trials he has recovered the full amount of commissions claimed, to wit, $1,200. When the case was last before this court, prior to this appeal, in 39 N. D. 329, 167 N. W. 371, the writer hereof was unreservedly of the opinion that the judgment there appealed from should be affirmed. All of the other members of the court, however, thought that the judgment should be reversed, and it was reversed, the writer hereof at length and very vigorously dissenting, as will appear from a reading of my dissent.

The case is now again presented to this court, on this fourth appeal, by an appeal from a judgment in plaintiff's favor for $1,200. The majority of the members of this court are now agreed that the judgment should be affirmed, a conclusion which harmonizes with the result arrived at by

my former dissent, and, of course, I concur in the affirmance of the judgment.

ROBINSON, C. J. I do strenuously dissent, and the reasons of my dissent are as stated in Paulson v. Reeds, 39 N. D. 341, 167 N. W. 375.

The testimony shows positively that the plaintiff did not comply with the listing contract under which the defendant agreed to pay $1.50 an acre for the sale of the land, and that the sale was made for a sum and on terms and conditions which were equal to $900 less than the list price; and at the time of making the sale for the reduced price the defendant did in no manner agree to pay the listing commission of $1.50 an acre. As the evidence shows beyond all dispute, there was a failure to comply with the listing contract.