GEO H. PAUL and C. R. EVANS, Appellants, v. FERDINAND LEUTZ, Respondent.

(188 N. W. 1022.)

**Specific performance — contract must be certain, just, and reasonable; remedy must be mutual; facts held to warrant cancellation of contract.**

This is a suit for the specific performance of a contract and for $250,000 damages. Paul, the plaintiff, appeals from a judgment can-

celling the contract on the ground that it is uncertain, unconscionable, void for want of mutuality and nonperformance by the plaintiff. There is little ground, for disputing either the law or the essential facts. To state the case is to decide it. *Held*, that the judgment is clearly right and it is affirmed.

Opinion filed May 27, 1922. Rehearing denied June 16, 1922.

Appeal from the District court of Mercer county, *Pugh,* J.

Affirmed.

*Theodore Koffel,* for appellants.

The granting of specific performance rests in the sound discretion of the court. The discretion, however, is not arbitrary or capricious, but judicial. Nickerson v. Nickerson, 127 U. S. 658; Trigg v. Read, 42 Am. Dec. 447, and note; 25 R. C. L. p. 214.

This discretion is controlled by the established doctrines and settled principles of equity. Willard v. Taylor, 3 Wallace, 557; Marks v. Gates, 14 L. R. A. (N. S.) 317; Turn Verein Eiche v. Paul Kaionka, 43 L. R. A. (N. S.) 44; Marshall v. Keach, 10 Ann. Cases 164.

The fact that the contract in the long run might turn out a losing investment affords no reason for refusing to specifically enforce it. Schmidtz v. Louisville Railroad Co. 38 L. R. A. 809.

And the allegations that the defendant made a bad trade does not exempt him from specific performance. Rodman v. Robinson, 65 L. R. A. 682, 25 R. C. L. p. 224.

A court of equity will adjust the rights of the parties so as to give each what he would have received under the contract if there had been no default. Pillsbury v. J. B. Streeter Jr. Co. 107 N. W. 40.

In actions for specific performance it is proper to render alternative judgments giving damages in case of failure to convey. Mitchell v. Land Co. 19 N. D. 736, 124 N. W. 946; Orfield v. Harney, 157 N. W. 124, 26 Am. & Eng. Enc. of L. 86, 36 Cyc. 753; Pillsbury v. Streeter, 15 N. D. 182, 107 N. W. 40; Beddow v. Flage, 22 N. D. 54, 132 N. W. 637; King v. Ruckman, 24 N. J. Eq. 556; Lombard v. Chicago Sinai Congregation, 75 Ill. 271, 20 Enc. of Pl. and Pr. note ff; Knudson v. Robinson, 118 N. W. 1051.

*Zuger & Tillotson,* for respondent.

A contract for the sale or transfer of stock in a corporation never created cannot be enforced; an agreement to buy or sell stock in a corporation to be organized in future in unenforceable in equity. 26 Enc. of Law, 123.

For the breach of such contract, where valid, an action of law is the remedy, if there is any. L. R. A. 1918E, See on p. 845.

"Courts refuse to compel the building of railroads, the erection of buildings or the cultivation, cutting and delivery of crops, etc. Avery v. Ryan et al. (Wis.) 43 N. W. 317; Pomeroy on Specific Performance. § 312, and note; 2 Morovitz on Private Corporations,· § 1136 and note; 36 Cyc. 576.

"A designation of the land as a certain quantity out of a larger described tract, as of so many acres out of a specified tract, is insufficient, where the boundaries of the part are not stated or the part has not been carved out." 36 Cyc. 592; Rochester v. Yeslers Estate (Wash.) 32 Pac. 1057; Knight et al. v. Alexander et al. (Ore.) 71 Pac. 657; Nippolt v. Kammon (Minn.) 40 N. W. 266; Weigert v. Frank (Mich.) 22 N. W. 303; Pierson v. Ballard (Minn.) 20 N. W. 193; Auer v. Matthews (Wis.) , 108 N. W. 45; Blankenship v. Spencer (W. Va.) 7 S. E. 433.

"The rule is well settled that where a contract, for any reason, is incapable of being enforced as against one party it cannot be enforced as against the other." Easton v. Lockhart, 10 N. D. 181, 86 N. W. 697; Knudtson v. Robinson, 18 N. D. 13, 118 N. W. 1051.

"When no cause of action is established, because no ability to perform the contract has been shown, proof that the defendants were in default in the performance of any act precedent to the delivery of the deeds and payment of the consideration therefor is immaterial." Royal v. Dennison (Cal.) 38 Pac. 39; 53 Ill. 526; 41 Minn. 448, 43 N. W. 376; 38 Minn. 338, 37 N. W. 791; 23 S. D. 367, 211 N. W. 868; 112 Minn. 388, 128 N. W. 459, 21 Ann. Cases, 837.

A good and merchantable title means fee simple. 127 Ia. 218, 102 N. W. 1126; 120 Minn. 399, 139 N. W. 714; 93· Wis. 294, 66 N. W. 253; 67 S. W. 739; 103 N. W. 158; 39 Cyc. 1516, (Note No. 48).

ROBINSON, J. This is a suit for the specific performance of a contract and for $250,000 damages. Paul, the plaintiff, appeals from a judgment canceling the contract on the ground that it is uncertain, unconscionable, and void for want of mutuality and nonperformance by the plaintiff. There is little ground for disputing either the law or the essential facts. To state the case is to decide it.

(1) The parties agreed to create a corporation, with capital stock representing 20,000 acres at $30 an acre, the stock to be alloted thus: To Leutz, $300,000; to Paul, $70,000; to Evans, $70,000; to treasury bonus, $160,000. The land is described thus: 20,000 acres in township 1 and 2 south, and 1 north, of range 6 west, being the south 20,000 acres of a 56,000-acre tract near Telogia, Liberty county, Fla.

(2) Paul, the plaintiff, agrees to obtain a contract for deeds to such land and to pay thereon $200,000 leaving a balance due and unpaid, $160,-000; also, to deliver such contracts, with abstracts of title.

(3) The contracts offered by Paul are Exhibits 8, 9, 10, and 11. Each is dated either October 25, 28, or 30, 1920, signed by the grantors and by Dakota Homes Company, by P. Z. Mowry, President, George N. Paul, Secretary. Each contract reserves merchantable timber, pine, hardwood, cypress, and juniper, and turpentine privileges for a term of years. Each contract recites a payment of nearly 3 per cent. on the price —in all, $10,000. The 3 per cent. may have been a commission. There is no evidence of any cash payment. The grantees assume and agree to pay 97 per cent. of the purchase price.

(4) For his interest as a purchaser of the land—a half interest, as measured by his stock in the nonexisting corporation—Leutz does transfer to Paul 9¼ sections of land in Mercer county at $25 an acre, subject to a mortgage for $20,000, 375 head of cattle, 50 head of horses, with ranch equipment, hay, feed, and grain, at regular market prices; and, if necessary to care for his share of the balance of the indebtedness, Leutz agrees to put up as collateral $12,500 first mortgage bonds of the Hebron brick plant, $35,000 in shares on the plant, with his homestead in Hebron, valued at $40,000.

(5) From the abstracts it is wholly impossible for a judge, sitting in his chambers, to determine that the titles are good or bad. That would require investigation and inquiry of perhaps six months, and evidence dehors the abstracts.

(6) There is no convincing evidence that the Florida land is worth half the sum due and unpaid on its price, as shown by the contracts, Exhibits 8, 9, 10, and 11. There is strong evidence that the land is not worth over $2 an acre.

The Civil Code gives the law of the case thus:

Section 7193: Neither party to an obligation can be compelled to perform it unless the other party has performed or may be compelled to perform it.

Section 7197: The law does not enforce an obligation to render personal service (such as to create a corporation). It does not enforce an agreement the terms of which are not sufficiently certain to make the precise act which is to be done clearly ascertainable, nor an agreement which is not as to the purchaser just and reasonable, nor if the seller cannot give to the buyer a title free from reasonable doubt.

To summarize: The contract in question does not describe the land with certainty. It expressly bargains for the payment of $200,000, and not merely 3 per cent. of the purchase price. The contract is not for titles, with reservations for a term of years, as shown by Exhibits, 8, 9, 10 and 11. The contract is for land fairly worth $18 an acre, and not merely a small part of that sum. Every point of law and fact is against the plaintiff. The case merits no discussion.

The judgment is clearly right, and it is affirmed.

BIRDZELL, C. J., and BRONSON, J., concur in result.

GRACE, J. (concurring specially). The findings of fact of the trial court are amply sustained by the evidence. Its conclusions of law are correct; its judgment entered is a proper one, and should be affirmed.

I concur in its affirmance.

CHRISTIANSON, J. (specially concurring). I agree with my associates that the plaintiffs in this case have not established a contract of such nature as will be specifically enforced in equity. See Avery v. Ryan, 74 Wis. 591, 43 N. W. 317; 25 R. C. L. p. 303 et seq. § 7197, C. L. 1913.