## THEODORE KOFFEL, Respondent, v. H. C. RHUD, Appellant.

### (191 N. W. 464.)

**Brokers — broker entitled to commission when producing under contract buyer ready, willing, and able, though terms of contract not fully consummated.**

1. A broker who, pursuant to a contract of employment, procures a buyer ready, willing, and able to purchase his principal's land upon terms mutually satisfactory, as evidenced by a valid contract made between the parties, is entitled to recover his commission, although the terms of such contract have not been fully consummated.

**Brokers — questions to defendant sued for commission held immaterial as concerning consummation of terms of sale, and not negativing existence of binding contract; question as to the value of broker's services in sale of land held both indefinite and an improper hypothetical question.**

2. For reasons stated in the opinion it is *held*, that the trial court properly sustained objections to three questions propounded by the defendant.

Opinion filed October 27, 1922.    Rehearing denied Nov. 22, 1922.

Evidence, 22 C. J. § 796 p. 709 n. 38.    Brokers, 9 C. J. § 86 p. 592 n. 21; § 87 p. 596 n. 33; § 117 p. 647 n. 12.

---

Note.—The general rule that a real estate broker, to be entitled to commissions, must find a purchaser able, willing, and ready to purchase on terms prescribed in the contract between the principal and such broker, is applicable if the owner refuses to consummate the sale, as will be seen by an examination of the authorities collated in a note in 21 L.R.A.(N.S.) 935, on right of broker to commissions where he procures a purchaser at a price stated by his principal, but on slightly different terms, and the owner refuses to consummate the sale; 4 R. C. L. 314; 1 R. C. L. Supp. 1116; 4 R. C. L. Supp. 264; 5 R. C. L. Supp. 238.

Action to recover broker's commission, in District Court, Burleigh County, *Coffey, J.*

Defendant has appealed from the judgment and order denying judgment non obstante or, in the alternative, a new trial.

Affirmed.

*E. T. Burke,* for appellant.

*Theodore Koffel* and *I. C. Davies,* for respondent.

A broker is entitled to his commission when a binding contract is entered into even though not consummated. And the owner cannot defeat the broker's right to a commission by a refusal to perform, or by changing the terms of the contract. Lund v. Babb, 127 N. W. 548; Webb v. Burroughs, 127 N. W. 623; Minder & Jorgenson Land Co. v. Brusteen, 127 N. W. 546; Tilden v. Smith, 124 N. W. 841.

It has been also held that the broker is entitled to his commission, though the contract entered into between the parties was not specifically enforceable and was canceled by the parties thereto. Mattes v. Engel, 89 N. W. 651.

Also where the owner himself really consummates and completes the sale. Scott v. Clark, 54 N. W. 538; Heimberger v. Rudd, 138 N. W. 374; Kepner v. Ford, 111 N. W. 619.

Where the land broker's contract is to bring the parties together for a commission and when his acts result in bringing them together and in a sale, he is entitled to his commission. Northern Immigration Asso. v. Alger, 147 N. W. 100; Farmer v. Holmes, 160 N. W. 143; Canfield v. Orange, 102 N. W. 313.

A real estate broker is entitled to his commission when he produces a purchaser that is willing to buy upon the seller's terms, and the fact that the owner refuses to consummate the sale does not defeat the broker's right to a commission. Ward & Murray v. McQueen, 100 N. W. 253; Jordan v. Anderson, 155 N. W. 769; Jensen v. Bowen, 164 N. W. 4.

## Statement.

BRONSON, J. This is an action to recover a broker's commission. The jury returned a verdict for $2,000 in plaintiff's favor. Defendant has appealed from the judgment and from an order denying judgment

non obstante or, in the alternative, for a new trial. In a motion to dismiss the appeal plaintiff has presented several questions of practice. In view of the determination upon the merits, it is unnecessary to give consideration to these questions. The facts are: Pursuant to Koffel's testimony, the defendant, in March, 1920, came to his office in Bismarck and wanted him to procure a buyer for defendant's land in Tennessee: He told Koffel he would give him a good commission, better than the usual commission: Koffel saw Paul and had him confer with defendant: Paul had some land in Florida: As a result of conferences, plaintiff, defendant and Paul went to Tennessee and to Florida to see the lands: Paul and defendant made a deal whereby defendant's land in Tennessee together with some property in North Dakota was exchanged for Paul's land in Florida: Defendant made a deed to Paul conveying the Tennessee land: The consideration designated for defendant's Tennessee land was $45,000: This Tennessee land involved some 10,000 acres: The value of plaintiff's services are $1 per acre.

Pursuant to defendant's testimony, he never employed plaintiff to secure a purchaser for the Tennessee land: He had employed Koffel previously as an attorney but had a disagreement with him concerning business transactions: Plaintiff went with him and Paul to Tennessee and Florida: Koffel asked defendant if he wanted to trade for Florida land but defendant said nothing about commission and did not promise to pay any: Defendant and Paul made a trade: Defendant received some 4,500 acres of wood land in Florida. Defendant deeded to Paul some property in Bismarck and in North Dakota and also the Tennessee land: Paul accepted the deeds and the title to the Tennessee land but there is litigation growing out of this exchange which is still pending. Upon cross-examination he testified that he might have told plaintiff that, if he could find a buyer for his land, he might do something good for him; that he told him to try and sell this land for cash; that Koffel brought a buyer and told defendant that he could meet him at plaintiff's office. The trial court submitted to the jury the issues as to whether there was any agreement between the parties for plaintiff to furnish and bring to the defendant a buyer for his land in Tennessee and whether there was a sale of the land under such agreement. Also, the issue was submitted of the reasonable value of the plaintiff's services up to the sum of $10,866. The defendant specifies as error the sustaining

of plaintiff's objections to three questions propounded. These questions are: First, "Is there a suit between you and Paul in which he is claiming something like $4,000 for back taxes from you on the Tennessee land?" Second, "We offer to prove by the defendant now on the stand that Mr. Paul has accepted the deeds to the Tennessee land but refuses to pay within $4,000 of the purchase price, claiming a counterclaim on account of back taxes on the Tennessee land." Third, "Just tell the jury what the value of the services of the sale of that Tennessee land under the conditions under which it was sold." Plaintiff contends that through the court's action in this regard, testimony to show that the sale was not consummated and testimony concerning the value of plaintiff's services were excluded.

## Decision.

A broker who, pursuant to the contract of employment, has produced a purchaser ready, willing, and able to purchase the land of his principal upon terms satisfactory to the principal is entitled to his commission. Paulson v. Reeds, 33 N. D. 141, 151, 156 N. W. 1031; Harris v. Van Vranken, 32 N. D. 238, 155 N. W. 65; Paulson v. Reeds, 39 N. D. 329, 167 N. W. 371, id., 48 N. D. 90, 183 N. W. 641; Ball v. Dolan, 18 S. D. 558, 562, 101 N. W. 719; Lund v. Bapp, 25 S. D. 439, 127 N. W. 548; Tilden v. Smith, 24 S. D. 576, 124 N. W. 841.

The brokerage contract involved is to procure a buyer, not to effect a consummated sale. 9 C. J. 592. Accordingly, the plaintiff was entitled to his commission although the details of the sale and trade have not been fully consummated. Paulson v. Reeds, supra; Minder & J. Land Co. v. Brustuen, 26 S. D. 38, 127 N. W. 546; 9 C. J. 596. Through the verdict of the jury, it is established that defendant employed plaintiff to procure a buyer for his Tennessee land and agreed to pay him a good commission. It is not questioned that plaintiff did procure a buyer for defendant's land in Tennessee and that a binding contract therefor was made between defendant and Paul. Pursuant to this contract, defendant deeded to Paul his Tennessee land, also some land in North Dakota. Defendant received about 4,500 acres of wood land in Florida. So far as this record discloses, the only reason why the terms of the sale have not been fully consummated is that Paul, or the defendant, claims that some of the terms of this contract have not

been fully performed by the other party. It is not questioned that the purchaser is ready, willing and able to respond, pursuant to the contract. Properly, the plaintiff brought this action for quantum meruit. Farmer v. Holmes, 35 N. D. 344, 361, 160 N. W. 143. The errors specified concern only the action of the trial court in sustaining plaintiff's objections to three questions. The first question was immaterial: It concerned the consummation of the terms of the sale: It did not negative or challenge the existence of a binding contract of sale. The second question likewise was immaterial: It relates to some act concerning a payment of part of the purchase price and a counterclaim concerning back taxes. Again this question does not negative the existence of a binding contract of sale. The trial court properly excluded the third question for the reason, at least, that it is both indefinite and an improper hypothetical question. The judgment and order of the trial court are affirmed with costs.

BIRDZELL, Ch. J., and CHRISTIANSON, J., concur.

ROBINSON, J. (dissenting). The plaintiff sues for the reasonable value of services rendered defendant as a broker in the sale of certain real estate in Tennessee containing 10,866 acres at $45,000. The complaint avers that the services were reasonably worth $1 an acre. The plaintiff recovered a verdict and judgment for $2,000, and defendant appeals from an order denying a new trial. The answer is merely a general denial. It does not state the facts on which counsel for defendant relies and which fairly appear from the record. The facts are that the services which plaintiff claims to have rendered were of no value and were such as to entrap the defendant and to lead him into a great loss. The Tennessee land was a mountainous tract of no value. The plaintiff did not in any manner cause the sale of the same for $45,000 or any sale whatever. Defendant did not sell the land or have any opportunity to sell it for any sum, not even $1 an acre. The plaintiff merely introduced defendant to one Paul as a person who might be willing to dicker for the Tennessee land in exchange for Florida lands. The result of the dicker being that defendant was played for a sucker by Paul and induced to give away his worthless Tennessee land without any consideration, and in addition, to convey to Paul land and

property in Burleigh county worth probably $150,000 in exchange for some title to Florida land worth possibly $50,000, and that in the making of such exchange Paul was in fact aided by the plaintiff. It was at Paul's request and to aid him in making the deal that the plaintiff made a trip to Tennessee and Florida. The deal seems quite similar to a companion case which recently came before this court. Paul v. Leutz, 48 N. D. 1121, 188 N. W. 1022. In that case Paul made a ruinous and unconscionable deal with Leutz, as shown by the decision of this court, and if Mr. Koffel did not aid Paul in making that deal to despoil Leutz it is certain that he prosecuted an action to enforce the deal. The facts are that for several years the real estate business has been degenerating into piracy. It has grown to be a demoralizing and a swindling business.

It is quite manifest that the defense of the action was not well conducted and that a mere general denial was not a proper answer and it did not fairly present the defense. However, that does not seem a good reason for a denial of justice. The plaintiff does not show the real transaction and by objections he prevented any such showing. There is no evidence that his services were of any benefit to defendant. True he says that his services were worth from $3 to $5 an acre, but he does not show that defendant realized from the Tennessee lands $1 an acre. Defendant testified he knew the value of the services and yet he was not permitted to state the value. That was possibly by reason of misunderstanding the decision of this court in case of Paulson v. Reeds, and it may be that decision is like an evil tree and that it does tend to bring forth evil fruit. However, it does fairly appear that the services were a great damage and a loss to the defendant. Counsel for defense persistently tried to show the whole transaction and to show the great loss resulting from the deal with Paul, but he was excluded on technical points, and chiefly because it was not alleged in the answer. Counsel for defense sought to show that there was no completed sale; that the services in regard to the sale were of no value and that a lawsuit for a rescission of the sale was pending in the courts the same as in case of Paul v. Leutz, and the testimony was excluded. At abstract, page 46, Mr. Burke says: We want to show what the deal was and to show that it was not a deal for the Tennessee land. But his attempt to show it was denied. However, there is some showing of the lands and

property which defendant conveyed to Paul in exchange for the Tennessee and Florida land. The showing covers two pages of the abstract. 47, 48. The value of the North Dakota property conveyed to Paul was probably worth three times his title to the Florida lands. The Tennessee land cuts no figure in the case. It was used as a means to entrap the defendant. Now, while it is manifest the defense was not well conducted, yet the whole record shows that defendant has not had a fair trial and that the alleged services were of great damage and not a benefit to the defendant. Hence there should be a new trial on an amended answer, fairly stating the case and permitting a showing of the whole transaction.

GRACE, J. (dissenting). As stated in the majority opinion, the defendant specified error in the sustaining of plaintiff's objection to three questions. One of these questions was as follows: "Just tell the jury what the value of the services of the sale of that Tennessee land under the conditions under which it was sold." It is my view that that question was a proper one and defendant should have been permitted to answer it. It was competent to show the reasonable value, if any, of plaintiff's services in the transaction as a broker, and that was an issue submitted by the trial court to the jury. If defendant was not permitted to introduce any evidence in that respect, that was a denial which prevented him from proving his defense.

The judgment should be reversed and the case remanded for a new trial.