## NORRIS *v.* BLAIR, ADMINISTRATOR.

STATUTE OF FRAUDS.—*Auction Sale.*—A sale by public auction is within the statute of frauds.

SAME.—*Memorandum of Clerk of Sale.*—Where a sale was made at public auction, upon a credit, and a note was to be given with security, waiving

valuation and appraisement laws, a memorandum of the sale made by the clerk thereof, which did not state these facts, was insufficient to avoid the effect of the statute.

APPEAL from the Shelby Common Pleas.

PETTIT, J.—This suit was brought by the appellee against the appellant, and the first paragraph of the complaint is as follows:

"Alonzo Blair, administrator of the estate of Homer Palmerton, deceased, plaintiff, complains of Edward Norris, defendant, and says that heretofore, to wit, at Shelby county, Indiana, on the first day of December, A. D. 1869, the said decedent, being then and there in life, was the owner and in possession of a large quantity of wheat, then and there remaining in bins and granaries, to wit, one thousand bushels, and being such owner of a large amount of other personal property, and being desirous of selling said wheat and other personal property for the largest and best price that could be obtained therefor, he, the said decedent, did, on the said first day of December, 1869, expose to sale said wheat and other property at auction to the highest bidder, upon the following terms, to wit, on a credit of nine months from said first day of December, A. D. 1869, on all sums over five dollars, and for amounts less, cash in hand, the purchasers giving their notes with approved security, waiving valuation and appraisement laws; and which said terms of sale were fully made known at said sale to the defendant and other bidders thereat; and the plaintiff says that prior to the said sale, the decedent caused to be printed, and published, and posted up in many public places in the neighborhood of the place of said sale, a notice, which was openly and audibly read by the clerk and auctioneer to the bidders, before and at the sale, containing the terms thereof, a copy of which is herewith filed and made a part of complaint; that one William B. Elder was the clerk of such sale, and as such clerk of such sale, made a memorandum in writing thereof; and the plaintiff says that at said sale said defendant bid off and bought said bins and granaries of wheat, amounting in the

aggregate to about one thousand dollars, at the price and sum of eighty-one cents per bushel; that at the time of said sale, said clerk thereof, William B. Elder, made a written memorandum thereof, a copy of which is filed herewith and made a part of this complaint. And the plaintiff says that afterward, to wit, on the ——— day of December, 1869, the said Homer Palmerton departed this life, intestate, at said county aforesaid, and that afterward, on the 4th day of January, A. D. 1870, the plaintiff was appointed administrator of the estate of said decedent in due form of law, and is still acting as such administrator; that heretofore, to wit, on the ——— day of January, A. D. 1870, he demanded of and from the said Edward Norris that said wheat, purchased as aforesaid, be measured, and the amount of his said bid be ascertained, and that he execute to the plaintiff, as such administrator, his note therefor with approved security, waiving valuation and appraisement laws, agreeable to the requirements of sale; yet he has failed and refused to do the same or any part thereof, and still refuses. Wherefore the plaintiff sues, and demands judgment as such administrator for one thousand dollars, and all other and further relief which the equity of the case demands."

Memorandum of sale:

"BOGGSTOWN, Shelby County, Ind.

"A list of names of purchasers and articles bought at public sale of Homer Palmerton, December 1st, 1869; Jerry Weakly, auctioneer; William B. Elder, clerk: One large lot of wheat, eighty-one cents per bushel, Dr. E. Norris; one lot of wheat, about fifteen bushels, seventy-eight cents per bushel, G. S. Harrell, transferred to Dr. Norris; one small lot of wheat transferred from G. S. Harrell's account to Dr. E. Norris, not measured, at eighty-one cents per bushel. Dr. E. Norris, to Alonzo Blair, administrator of the estate of Homer Palmerton, deceased, one thousand bushels of wheat at eighty-one cents per bushel—eight hundred and ten dollars."

The notice of sale referred to in, and made a part of, the

complaint is not in the record as such, nor in any manner that we can notice it.

In what purports to be the evidence given in the cause a copy of the notice appears; but this evidence is not signed by the judge, as a bill of exceptions in all cases should be. On page fifteen of the record the judge is asked to and does sign a bill of exceptions, but the evidence is not in it. Commencing on page seventeen and extending to page twenty-five, is what purports to be the evidence given, offered, and refused; but it is not signed by the judge, and we cannot, therefore, regard it as the evidence or as forming a part of the record.

The defendant demurred to the first paragragh of the complaint; first, for want of sufficient facts; second, for non-joinder of parties defendants; third, for want of capacity of plaintiff to sue.

There is nothing in the second and third grounds of demurrer. The demurrer was overruled, and we are to determine whether the complaint contains sufficient facts. The only reason urged why it is insufficient is, that the memorandum of sale, which is a part of the complaint, does not state the terms of the sale, in this, that it does not state that the sale was on nine months' credit, by giving note with security and waiving valuation and appraisement laws. It is admitted by both parties, and we so hold, that auction sales are within the statute of frauds, and that the auctioneer and clerk are the agents of both parties.

Many authorities, or supposed authorities, have been cited on both sides, to show that the memorandum was sufficient or insufficient. We have examined all the books referred to in relation to the sufficiency or insufficiency of the memorandum. Many of the authorities referred to on both sides have no existence in fact, or cannot be found from the references given.

In 2 Kent Com. 511, the rule is stated thus: "The contract must, however, be stated with reasonable certainty, so that it can be understood from the writing itself, without

having recourse to parol proof. Unless the essential terms of the sale can be ascertained from the writing itself, or by a reference contained in it to something else, the writing is not a compliance with the statute; and if the agreement be thus defective, it cannot be supplied by parol proof, for that would at once introduce all the mischiefs which the statute of frauds and perjuries was intended to prevent."

Browne on the Statute of Frauds, sec. 382, says: "In cases of sales, the credit stipulated is an essential term of the contract, and must appear in the memorandum." 3 Parsons Con. 13, says: "As to the question what the written agreement must contain, the general answer is, all that belongs essentially to the agreement, and more than this is not needed; nor can parol evidence be received to supply anything which is wanting in the writing, to make it the written agreement on which the parties rely." To the same effect are the following authorities: 1 Greenl. Ev., sec. 267; *Parker's Heirs* v. *Bodley*, 4 Bibb, 102; *Ellis* v. *Deadman's Heirs*, 4 Bibb, 466; *Soles* v. *Hickman*, 20 Pa. St. 180; *Gill* v. *Bicknell*, 2 Cush. 355; *First Baptist Church of Ithaca* v. *Bigelow*, 16 Wend. 28; *Morton* v. *Dean*, 13 Met. 385; *Davis* v. *Shields*, 26 Wend. 341; *M'Farrow's Appeal*, 11 Pa. St. 503; *Burke* v. *Haley*, 2 Gilman, 614.

In this memorandum, the terms and conditions of the sale are not named. Nothing is said of the nine months' credit, the note and security, nor of waiving valuation and appraisement laws, which in view of the above cited authorities was required; nor is any reference made to the poster or notice of sale, and it could not be used as a part of the memorandum. The demurrer for want of sufficient facts should have been sustained.

The judgment is reversed, at the costs of the appellee, with instructions to the court below to sustain the demurrer to the first paragraph of the complaint.

*B. F. Davis, B. F. Love,* and *R. Norris,* for appellant.

*K. M. Hord, J. T. Hockman, A. Blair,* and *G. J. Hackney,* for appellee.