## RIDGWAY *v.* INGRAM.

STATUTE OF FRAUDS.—*Memorandum of Sheriff's Sale.*—On an order of sale issued on a judgment and decree of foreclosure of a mortgage of real estate, an indorsement made by a sheriff as follows : " Sold to A—— B——, for twenty-four hundred dollars, October 16th, 1869." Signed, " C—— D——, Sheriff," was not a sufficient contract or memorandum of a sale made by a sheriff, within the statute of frauds.

SAME.—*Sufficient Memorandum.*—A memorandum, to be sufficient within the statute of frauds, must set out the contract with such reasonable certainty that its terms may be understood from the writing itself, without recourse to parol proof.

SAME.—The fact that such memorandum is indorsed on the order of sale, but without any reference to it for the ascertainment of the thing sold, is no better than if indorsed on any other paper.

SAME.—A memorandum, in order to make another writing a part thereof, so as to constitute a part of the contract, must refer to such other writing, and parol proof of the connection of the papers is not admissible to establish a contract required by the statute to be in writing.

From the LaPorte Circuit Court.

*J. B. Niles, W. Niles,* and *W. H. Calkins,* for appellant.

*J. Bradley,* for appellee.

WORDEN, J.—Harvey Truesdell recovered judgment for the foreclosure of a mortgage on a forty-acre tract of land, described in the proceedings herein, for a little over one thousand dollars, against one Thomas W. Miles. This judgment was assigned to the appellee, Sarah Ingram. The appellee also obtained a judgment against Miles for the foreclosure of another mortgage on the same and other lands, for a much larger sum. Orders of sale were issued on these judgments respectively.

We do not see that the judgment secondly above mentioned, or the order of sale issued thereon, has any important bearing upon the question involved, and they will, therefore, be no further noticed.

On the order of sale issued on the first mentioned judgment, the sheriff indorsed the following memorandum, viz. :

" Sold to Asa J. Ridgway, for twenty-four hundred dollars. October 16th, 1869.        J. D. PHELPS, Sheriff L. C.
" By WM. H. H. WHITEHEAD, Dep'y."

The above memorandum is all the evidence there was, except such as was oral, that Ridgway purchased the land at sheriff's sale.

This proceeding was instituted by the appellee against the appellant, under the provisions of sec. 476, 2 G. & H. 252, for failing and refusing to pay the purchase-money claimed to have been bid on the property by the appellant.   Judgment for the plaintiff below.

The question is presented by the record, in several ways, whether the above memorandum is a sufficient contract, memorandum, or note thereof, within the statute of frauds.   It appears to us that the memorandum is clearly insufficient.   A memorandum, in order to be sufficient within the statute, must state the contract with such reasonable certainty that its terms may be understood from the writing itself, without recourse to parol proof.   It is impossible to ascertain from the memorandum what it was that was " sold to Asa J. Ridgway for twenty-four hundred dollars."

It may be supposed, from the fact that the memorandum was endorsed on the order of sale, that the sheriff meant that the land therein ordered to be sold was sold to Ridgway for the sum named.   But this would rest upon mere inference, and not upon anything appearing on the face of the memorandum.   It may be conceded, that if the memorandum had in any way referred to the order of sale for the purpose of identifying the thing sold, so as to make it a part of the memorandum, or so that the two papers, the order of sale and the memorandum, could be taken together as constituting the contract, it would have been sufficient.

The memorandum endorsed upon the order of sale, but without any reference to it for the ascertainment of the thing sold, is no better than if it had been made on any other piece of paper.

Says Chancellor KENT, 2 Com. 511 :   " Unless the essen-

Ridgway v. Ingram.

tial terms of the sale can be ascertained from the writing itself, or by a reference contained in it to something else, the writing is not a compliance with the statute; and if the agreement be thus defective, it cannot be supplied by parol proof, for that would at once introduce all the mischiefs which the statute of frauds and perjuries was intended to prevent." *Norris* v. *Blair*, 39 Ind. 90.

" It must, of course, appear from the memorandum, what is the subject-matter of the defendant's engagement. Land, for instance, which is purported to be bargained for, must be so described that it may be identified." Browne Stat. Frauds, sec. 385.

As we have seen, the memorandum does not state what it was that was sold to Ridgway. It does not name or in any way state the subject-matter of the supposed contract. If we are to suppose that the thing sold was the land mentioned in the order of sale, because the memorandum was endorsed upon that order, the supposition must rest upon mere inference and conjecture. It seems to be well settled, that a memorandum, in order to make another writing a part thereof, so as to constitute a part of the contract, must refer to such other writing; and that parol proof of the connection of the papers is not admissible to establish a contract required by the statute of frauds to be in writing. An early case on this subject is that of *Boydell* v. *Drummond*, 11 East, 142. There the defendant had subscribed his name to a book entitled, " Shakespeare subscribers, their signatures," not referring to a printed prospectus which contained the terms of the contract, and which was delivered at the time to the subscribers to the Boydell Shakespeare. It was held, that the two could not be connected together so as to take the case out of the statute, as such connection could only be established by parol proof.

Lord ELLENBOROUGH observed, in delivering his opinion: " If there had been a plain reference to the particular prospectus, that might have helped the plaintiff; but there is nothing of the kind."

Without going into the details of other cases, we quote a

paragraph from the opinion in each of a few, involving the point under consideration :

In the case of *Ridgway* v. *Wharton*, 3 De G. M. & G. 677, 696, the Lord Chancellor said, in delivering the opinion of the court : " It appears to me, therefore, that the principle established by these cases, and as I have already observed, the principle deducible from the construction and object of the statute if there had been no cases, clearly shows, that in order to make a contract binding under the statute of frauds, it must be either embodied all in one paper, signed by the party ; or if not so embodied, there must be some paper signed by the party referring to the paper which does contain the terms, in order that from the writing so signed you may say that is the paper, and incorporate them together and make it one."

The following point was decided in the case of *Freeport* v. *Bartol*, 3 Greenl. 340 : " Where an agreement concerning the sale of real estate is contained on two separate papers, neither of which contains in itself any reference to the other, parol evidence is inadmissible to prove their connection."

In *O'Donnell* v. *Leeman*, 43 Me. 158, 160, it was held to be " well settled that unless there be a memorandum showing, within itself, or by reference to some other paper, all the material conditions of the contract, no action can be maintained upon such contract, either at law or in equity."

In *Morton* v. *Dean*, 13 Met. 385, 388, it was held by the court, that " a sale at auction is within the statute of frauds, and the auctioneer, who makes the sale, is the agent of both parties, and his memorandum will take the case out of the statute, as well when lands as when chattels are sold. But the memorandum of sale must refer to the conditions of sale, or the case will be within the statute. Where the connection between the memorandum and the conditions is to be proved entirely by parol evidence, it is within the mischief intended to be prevented by the statute. The terms of the agreement, which are material, must be stated in writing. As the memorandum, in this case, does not refer to the conditions of sale,

the sale itself cannot be enforced. The authorities are conclusive on these points."

See, also, the case of *Ruckle* v. *Barbour*, 48 Ind. 274, which involved a question arising upon the statute of frauds.

The judgment below is reversed, with costs, and the cause remanded for further proceedings.

Opinion filed November term, 1874; petition for a rehearing overruled May term 1875.