Pulse *et al. v.* Miller *et al.*

No. 8830.

PULSE ET AL. *v.* MILLER ET AL.

STATUTE OF FRAUDS.—*Contract for purchase of Real Estate.—Description.—Presumption.*—A contract recited that " The parties of the first part having conveyed certain lands " (not described, except in a certain township and county), " in part, agree to have the same completed within twenty days, or pay to the parties of the second part $500; and the parties of the second part agree to comply *with the contract* on completion of the deeds, or pay to the parties of the first part $500."

*Held*, in an action thereon, that the agreement was within the statute of frauds, the land not being so described as to be capable of identification, and the presumption being that the *contract* referred to was in parol.

From the Shelby Circuit Court.

*E. P. Ferris, W. W. Spencer* and *A. F. Wray*, for appellants.
*T. B. Adams* and *L. T. Michener*, for appellees.

ELLIOTT, C. J.—The complaint of the appellants is based upon the following contract: "Articles of agreement made and entered into by and between Hiram Pulse, George Pulse, Reuben Pulse, Peter Pulse and Florence Miller, of the first part, and William Miller and Jasper Heck, of the second part.

" The parties of the first part having this day conveyed certain lands situate in Liberty township, Shelby county, Indiana, in part, agree to have the same completed within twenty days, or pay the parties of the second part the sum of five hundred dollars, and the parties of the second part agree to comply with the contract on completion of the deeds, or pay to the parties of the first part the sum of five hundred dollars." This agreement is properly signed.

It has long been the rule in this State, that a defendant may avail himself of the benefit of the statute of frauds, if it appears upon the face of the complaint that the case is within the statute. We are, therefore, required by the demurrer to the complaint to determine whether the statute constitutes a bar to the recovery sought by the appellants.

A contract for the conveyance of lands must describe the

property upon which it is intended to operate.    If there is no description of the land, the statute prohibits the enforcement of the agreement. *Newman* v. *Perrill,* 73 Ind. 153 ; *Dingman* v. *Kelly,* 7 Ind. 717 ; *Baldwin* v. *Kerlin,* 46 Ind. 426 ; *Miller* v. *Campbell,* 52 Ind. 125.

Recourse can not be had to parol evidence to supply a description of the land intended.    "Land, for instance, which is purported to be bargained for, must be so described that it may be identified."    Browne Stat. Frauds, section 385 ; *Ridgway* v. *Ingram,* 50 Ind. 145.    Another author says : "Nor can parol evidence be received to supply anything which is wanting in the writing, to make it the written agreement on which the parties rely."    3 Pars. Con. 13 ; *Norris* v. *Blair,* 39 Ind. 90.

A contract can not be partly verbal and partly written.    If part rests in parol the entire contract is treated as a verbal one.    *Board of Commissioners, etc.,* v. *Shipley,* 77 Ind. 553.    If, therefore, part of the essential elements of a contract are evidenced by an oral agreement, the contract is within the statute, and can not be enforced.

It is not necessary that the description should be contained in one of a series of instruments; if, taking all the instruments in the series together, the description appears, it will be sufficient.    In order that this should be so, the instrument containing the description must be clearly referred to and identified by the contract signed by the party sought to be charged.    *Wills* v. *Ross,* 77 Ind. 1 ; *Ridgway* v. *Ingram, supra.* There is no identification of the deeds referred to in the contract under examination.    The connection between the deeds and the contract can only be established by parol evidence, and where this is so the contract is within the statute.    In *Wills* v. *Ross, supra,* the letter of the party sought to be charged clearly referred to and identified the letter exhibiting the subject-matter of the contract.

It is a settled principle that the written instrument must contain all the essential terms of the contract.    The reference in the instrument before us, to the contract which is to be

complied with, is too vague and uncertain to enable us to discover what the terms of the contract were. We can not, from the instrument itself nor from any other, ascertain what contract it is with which the parties are to comply. We can not discover what price was to be paid, when paid, or by whom. The terms of the contract are not stated, and the case is therefore clearly within the statute. Browne Statute of Frauds, section 385; *Remick* v. *Sandford,* 118 Mass. 102; *Williams* v. *Morris,* 95 U. S. 444. In *Barickman* v. *Kuykendall,* 6 Blackf. 21, it was said: "Under this statute, which is copied from that of Charles the 2d, the instrument of writing, whatever may be its form, must either show on its face, or by reference to some other instrument, every material part of a valid contract on the subject—such as the names of the parties, a description of the land, the amount of the purchase-money, etc."

The instrument in suit is given to secure the performance of some agreement concerning lands, and the fair inference from the language used is that the contract to which it refers is a verbal one. It has been held in analogous cases, that, where the contract does not appear to be in writing, the presumption is that it was verbal. *Carlisle* v. *Brennan,* 67 Ind. 12; *Krohn* v. *Bantz,* 68 Ind. 277; *Neal* v. *Neal,* 69 Ind. 419. We can not presume that the contract referred to in the one constituting the foundation of the action is in writing, without violating the principle upon which rest the cases we have cited. It appears, therefore, that the material part of the contract in suit is a verbal one, and, this being so, it is fully within the statute of frauds.

An undelivered deed is not a sufficient writing to take a case out of the statute. A deed is of no validity whatever, until delivered. *Freeland* v. *Charnley,* 80 Ind. 132. A deed can not be deemed a contract until it has been given force, and it is absolutely devoid of force until delivered. A paper of any kind, although it contains all the terms of a con-

tract, is not operative as a contract until it has been delivered with the intention of giving it effect.

We do not find it necessary to consider whether the sum named in the instrument sued on is to be regarded as a penalty or as liquidated damages, for we are clear that the statute of frauds precludes any recovery upon it.

Judgment affirmed.