## Feichter *v.* Korn et al.

[No. 10,372. Filed May 15, 1919.]

1.  FRAUDS, STATUTE OF.—*Contract for Sale of Land.*—*Sufficiency of Memoranda.*—Under the statute of frauds, which requires that all contracts for the sale of real estate shall be in writing, separate writings cannot be construed together as constituting a con-

tract, where there is no reference in any one of the instruments to either of the others, and extrinsic evidence, which is not permissible, would be necessary to show their relation. p. 210.

2. PLEADING.—*Exhibits.*—*Variance.*—Where there is a variance between a pleading and exhibits filed therewith, the latter control. p. 210.

3. VENDOR AND PURCHASER.—*Offer and Acceptance.*—A memorandum covering a sale of land providing that, "if this deal is made, it must be not later than October 1, 1916," constituted merely an offer to sell, and not a final agreement the specific performance of which could be enforced, without showing an acceptance of the offer within the time given. p. 210.

From Allen Circuit Court; *J. W. Eggeman,* Judge.

Action by Jacob H. Feichter against John Korn and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*John H. Aiken,* for appellant.
*Breen & Morris,* for appellees.

NICHOLS, J.—Appellant filed his complaint against appellees, in the Allen Circuit Court, for the specific performance of an alleged contract, so much of such complaint as is necessary for this decision being as follows:

"The above-named plaintiff complains of the above-named defendants and says: That on the 28th day of September, 1916, this plaintiff was the owner of lot 52, and the east 2 feet of lot 51, in Thompson's Second addition to the city of Fort Wayne, Allen county, Indiana, and also, the west 48 feet, of block 4, and the west 48 feet of the north ½ of block 3, all in Evans' Place, in the city of Fort Wayne, Allen county, Indiana, the last-described property being known as No. 1129 Maple avenue, in said city of Fort Wayne. That at said time said defendants were the owners in fee simple of lot 1 in Ninde's Second addition to the city of Fort Wayne, Allen county, Indiana, ex-

cepting therefrom such portion as was taken off for the widening and straightening of Taylor street, in said city. That on the 28th day of September, 1916, this plaintiff and said defendants entered into a certain written agreement, portions of which agreement bear date of September 26th, whereby in consideration of mutual covenants and agreements, said defendants promised and agreed that they would convey to this plaintiff in fee, by warranty deed, said lot No. 1 in Ninde's Second addition to the city of Fort Wayne, Allen county, Indiana, in consideration whereof this plaintiff promised and agreed to convey to said defendants in fee simple, by warranty deed, the said real estate first herein described as belonging to said plaintiff. That on said 28th day of September, 1916, after said defendants had had possession of said portions of said written contract bearing date of September 26th, and which provided that the deal was to be closed before October 1, 1916, and on signing such portions of said agreement and as a consideration for the closing of said contract, this plaintiff executed and delivered to said defendants that portion of said contract contained on the third page of said contract, by which plaintiff agreed to do certain repairs to the buildings on the property which he was exchanging to said defendants. A copy of said written contract is filed herewith, made a part of this complaint, and marked Exhibit "A," 1, 2 and 3. Plaintiff further alleges that he duly performed all the conditions of said contract and agreement to be by him performed. That he did fix the roof and put in the bath fixtures and light wires and performed all other requirements of said contract on his part to be performed * * * and thereupon plaintiff

executed his warranty deeds, plaintiff's wife joining therein, conveying plaintiff's said real estate to said defendants in accordance with the terms of said contract, and then and there demanded of said defendants a deed for their said above-described real estate so to be conveyed to this plaintiff; that plaintiff's said warranty deeds were properly acknowledged and this plaintiff tendered to said defendants said warranty deeds, and said defendants refused to accept said deeds so tendered, and refused to execute a deed for their real estate or to deliver the same to this plaintiff, and still refuse to do so but, on the contrary, refuse to be bound by their said contract. * * * Wherefore, plaintiff demands judgment that said defendants be decreed to specifically perform said agreement. * * *

### Exhibit "A" 1

" 'Fort Wayne, Indiana.
September 26, 1916.

" 'I, the undersigned, agree to sell, trade and convey by warranty deed and good title, Lot No. 1 in Ninde's 2nd addition in this city of Fort Wayne, Ind. and will take in trade lot No. 52 Thompson's 2nd add. lot 38 and 170, and one house and lot 1129 Maple ave. lot 48-150 both in the city of Fort Wayne, Ind. and will assume or agree to pay a mortgage of $2,300. on Scott ave. home and $1,100. on Maple ave. home. Will also pay interest on $5,600. mortgage up to date of transfers and pay this fall tax on lot No. 1 and will give and take possession in 30 days from date of transfers. If this deal is made it must not be later than October 1, 1916. P. S. The

street pavement is to be assumed by me in Scott ave. and Maple ave.

" 'John Korn
Elizabeth Korn.'

Exhibit "A" 2

" 'Fort Wayne, Indiana.
September 26, 1916.

" 'I, the undersigned, agree to sell, trade and convey by warranty deed and good title lot No. 52 in Thompson's 2nd addition in the city of Fort Wayne, Indiana, and house and lot on Maple ave. No. 1129, in Ft. Wayne, and will pay the interest on said loans up to date of transfers, and pay this fall tax on same. Mortgages on Scott ave. of $2,300.00. Maple ave. $1,100. and will take in trade lot No. 1 in Ninde's 2nd add. in the city of Fort Wayne, Ind. and will assume or agree to pay the mortgage of $5,600. on same, and will give and take possession in 30 days from transfers. If this deal made is closed, it must not be later than October 1, 1916. P. S. I am to assume the Taylor St. pavement, of equal amount.

" 'J. R. Feichter.'

Exhibit "A" 3

" 'Fort Wayne, Indiana, Sept. 28, 1916.
" 'Scott ave. house.
I, the undersigned, agree to fix the roof so it will not leak. Put in new stool. Fix water pipes and wires, in fact have house cleaned out from cellar to garret and have same put in good condition.

" 'J. R. Feichter.' "

Appellees filed their demurrer to this complaint, with memorandum, which was sustained by the court, and, appellant refusing to plead further and electing to stand on his complaint, judgment was rendered for appellees and that appellant take nothing by his suit.

The court's ruling on the demurrer to the complaint is the only error assigned in this court.

Appellant insists that the exhibits to the complaint taken together constitute the contract, the specific performance of which he seeks in this action.

1. There is no reference whatever in any one of these instruments to either of the others, and without such reference, under the statute of frauds which requires that all contracts for the sale of real estate shall be in writing, they cannot be construed together as constituting the contract, for extrinsic evidence cannot be heard to show their relation each to the others. The evidence of the relation must be within the instruments themselves. Many authorities sustain this principle, among which we cite *Graham* v. *Henderson Elevator Co.* (1916), 60 Ind. App. 697, 111 N. E. 332, which contains a full discussion of the question, and cites numerous authorities.

Appellant says that appellant and appellee entered into "a certain written agreement," of which the exhibits are a copy, but these exhibits, whether

2. taken together or separately, do not constitute a written agreement, and, if there is a variance between the pleading and the exhibits, the lat-

3. ter must prevail and control. *Watson Coal, etc., Co.* v. *Casteel* (1881), 73 Ind. 296. Taken separately and independently, for this is the only way we can consider them under the above rule, there being no internal reference from any one to the

others, if the appellees are to be charged, it must be by Exhibit A-1, for it is the only one signed by them. This exhibit provides that "if this deal is made, it must be not later than October 1, 1916." Certainly this is not the language of a final agreement the specific performance of which can be enforced. The most that can be said of the instrument with such a provision is that it was an offer that must be accepted not later than October 1, 1916. There is no averment in the complaint of any act that can be said to have been an acceptance of such offer within the time given, hence there was no contract of sale. Other questions are ably discussed by counsel, but we deem it unnecessary to consider them.

There was no error in sustaining the demurrer. The judgment is affirmed.