## BRIGGS v. WATSON ET UX.

[No. 11,402. Filed April 20, 1923. Rehearing denied June 21, 1923. Transfer denied November 22, 1923.]

1. ESCROWS.—*Deed.—Title Does not Pass.*—Present title does not pass by the execution and delivery of a deed in escrow. p. 533.

2. ESCROWS.—*Deed.—Recall of.—Damages for Breach of Contract.*—A deed placed in the hands of a depository, with directions to deliver it upon the performance of a designated condition by the grantee, may be recalled by the grantor before performance, subject to the right of the grantee to sue for the breach of a valid contract for the conveyance of the land described in the deed. p. 533.

3. FRAUDS, STATUTE OF.—*Memorandum of Sale.—Sufficiency.*—A memorandum of the sale of real estate, in order to be sufficient, must state the contract with such reasonable certainty that its terms may be understood from the writing itself without recourse to parol proof. p. 534.

4. FRAUDS, STATUTE OF.—*Memorandum.—Sufficiency.—Specific Peformance.*—A receipt given by the vendor of real estate stating that he had sold to the vendee a described parcel of land, and had received as part pay therefor twenty-five shares

VOL. 80—34

of stock in a named corporation, but which did not state how much of the purchase price remained unpaid or when and how the remainder of the purchase price was to be paid, or whether such remainder was to be secured in any way, is insufficient under the statute as a memorandum on which to base an action for specific performance.     p. 534.

From Parke Circuit Court; *George D. Sunkle,* Judge.

Action by Guy H. Briggs against Otis Watson and another. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Mark. E. Nebeker, Ray H. Briggs* and *Adamson & Gallagher,* for appellant.

*Edbert P. Zell, Maxwell & McFadden* and *Miller & Beeler,* for appellees.

ENLOE, J.—This was, primarily, an action for the specific performance of a contract, in which the appellant was plaintiff, and the appellees, who are husband and wife, were defendants.

To an amended complaint in three paragraphs the appellees demurred, separately and severally as to each paragraph thereof, which demurrers were by the court sustained. The appellant now prosecutes this appeal and has assigned said ruling as error.

The paragraphs of complaint are each quite lengthy and it is not necessary that they be set out in full. The material averments of the first paragraph were, in substance, that the appellant and the appellees, they acting by and through appellee Otis Watson, entered into an oral agreement by which appellant agreed to buy and the appellees agreed to sell and convey certain real estate situate in the city of Clinton, Vermilion county, Indiana; that the consideration agreed upon for the sale and conveyance of said real estate was the transfer by appellant to the appellees of twenty-five shares of the common stock of the Sutton-Briggs Company, an Indiana corporation, and the sum of $2,500 to be

thereafter paid by the appellant to appellees; that by the terms of said agreement the appellees were to execute their warranty deed for said premises and deposit the same with the Clinton Trust Company, in escrow, to be delivered to appellant when he should pay to said trust company, for the use and benefit of the appellees, the sum of $2,500; that the appellees, on May 28, 1915, in compliance with their said agreement, signed and acknowledged a warranty deed to said property, naming this appellant as grantee in said deed, and left said deed with said trust company in escrow; that on the same date this appellant, in performance of his part of said agreement, assigned and delivered to the appellees a certificate for twenty-five shares of the stock of the Sutton-Briggs Company; that on June 11, 1915, the appellee Otis Watson, obtained possession of said deed so left in escrow and wrongfully carried the same away with him and deprived said trust company of the possession and control of the same; that said Watson refuses to return said deed to the said trust company; that prior to his procuring said deed from said trust company, neither said appellee, nor either of the appellees made any demand upon appellant for the payment of said sum of money, and appellant had no notice or knowledge of the intention of appellees to withdraw said deed from said trust company; that appellant, within thirty-two days from the time of making said contract and from the time of so depositing said deed in escrow, tendered to said trust company and to said appellees severally the sum of $2,500 and demanded said deed, but the delivery of the same was refused. This paragraph also contains an averment that as a part of the original agreement it was stipulated that said deed was to be deposited with and left with said trust company and appellant was to be given an opportunity to negotiate a loan in the sum of $2,500 to be secured by mortgage

executed by appellant upon the real estate involved herein, said money to be used to pay balance of purchase price of said property.

The second paragraph is essentially the same as the first, except that it has an averment concerning the execution of the receipt for the twenty-five shares of stock transferred by appellant to appellees in part payment for said real estate. This receipt, which is set forth *haec verba*, is as follows:—

"No.

May 28, 1915.

Received of Guy H. Briggs twenty-five shares of stock of the Sutton-Briggs Co. as part pay on Lot No. 4, Block 9, in city of Clinton.

Otis Watson."

There was also an allegation that on said date said Watson owned no real estate in the city of Clinton, other than lot No. 4, block 9.

The third paragraph contains the same averment, substantially, as the first and second paragraphs, with the additional averment: "That, as further evidence of the purchase and sale of said real estate, the defendants, Otis Watson and Elizabeth Watson, did make and sign their certain deed of general warranty, in which this plaintiff was named as grantee, and these defendants as grantors; that said deed did describe the real estate in this complaint described and was in writing, and was signed by the defendants herein, and was by the defendants herein acknowledged to be their act and deed before a notary public duly qualified and acting under and by virtue of the laws of the State of Indiana."

Keeping in mind that this is an action for the specific performance of a contract for the sale of real estate, we shall consider the first paragraph of complaint.

According to the averments of this paragraph, the said deed was to be written, signed, acknowledged, and then left with said trust company, and appellant was to

be given an opportunity to negotiate a loan to
1, 2. be secured by a mortgage on said property. A
fair construction of the contract of sale, as
set forth in the several averments of this paragraph
of complaint, is, that said deed was to be left with the
trust company for a reasonable time and that upon the
failure of the appellant to negotiate such loan, within
such time, the transaction was to be at an end. No
*present title or interest,* in and to the land described
in said deed, passed to the named grantee, by the deliv-
ery of said deed to said trust company. As the con-
tract for the sale of said land was simply in parol, so
far as the averments of this paragraph of complaint
are concerned, it becomes a question of law whether
the appellees were bound to leave said deed in the hands
of said trust company for a "reasonable time" as they
verbally promised to do, or whether they might not,
as a matter of right, withdraw said deed from such cus-
tody of the depositary at any time before the same was
delivered to the named grantee. It has been held that
the grantors in such a deed have such right. In *Camp-
bell* v. *Thomas* (1877), 42 Wis. 437, 24 Am. Rep. 427,
it was said:—"But we have not discovered a single case
in which it has been held that one who has deposited
a deed of land with a third person with directions to
deliver it to the grantee on the happening of a given
event, but who has made no valid executory contract
to convey the land, may not revoke the directions to the
depositary and recall the deed at any time before the
conditions of the deposit have been complied with; pro-
vided those conditions are such that the title does not
pass at once to the grantee upon the delivery of the
deed to the depositary." In this case it was also held
that, unless there was a valid contract for the sale and
purchase of the land, the placing of the deed in the
hands and custody of the depositary was a mere volun-

tary act which in no manner interfered with or affected the grantor's control of such deed. See, also, *Patterson* v. *Underwood* (1868), 29 Ind. 607; *Freeland* v. *Charnley* (1881), 80 Ind. 132.

In the case last cited the court, speaking by Elliott, C. J., said: "It is clear to our mind that a deed placed in the hands of a depositary, with directions to deliver it upon the performance of a designated condition by the grantee, may be recalled before performance. * * * Of course, if there is, back of the deposit of the deed, an enforceable contract, relief might be had; but in such case the deposit of the deed would not supply the right of action—that would be supplied by the executory contract. In the case at bar the deed was recalled before the performance of the condition, and there was no enforceable executory contract. Without such a contract there is no cause of action." All of the cases upon this proposition seem to be bottomed upon the proposition that the validity of the agreement for a deposit in escrow depends upon the validity of the contract of sale, which depends for its validity upon the statute.

In the second paragraph of complaint the appellant seems to rely upon the receipt executed by appellee Otis Watson for the shares of stock therein mentioned, as a memorandum, which, when taken and considered in connection with the other averments of this paragraph, is sufficient to answer the demands of the statute of frauds, and thereby enable him to maintain this action.

In the case of *Ridgway* v. *Ingram* (1874), 50 Ind. 145, 19 Am. Rep. 706, the question as to the sufficiency of the memorandum to satisfy the statute was under consideration, and the court there said:—"A memorandum, in order to be sufficient within the statute, must state the contract with such reasonable certainty

that its terms may be understood from the writing itself without recourse to parol proof."

Tested by the foregoing rule, the receipt relied upon in this case, as constituting the "memorandum" is clearly insufficient. It may be fairly inferred from the language of said receipt that Otis Watson had sold to Guy H. Briggs a parcel of real estate, and had received as part pay therefor twenty-five shares of stock in the named corporation; but how much of the purchase price remained unpaid? When and how was the remainder of the purchase price to be paid? Was such remainder to be secured in any way, and, if so, how? As to each and all of these matters said receipt was silent; it did not measure up to the standard required by the law, and was therefore insufficient as the basis for an action of specific performance, and the other matters alleged in this paragraph, being matters in parol, gave to the said "receipt" no legal vitality.

Appellant next insists that said "receipt" and said deed, when taken and considered together, constitute such memoranda of said contract of sale as will satisfy the statute, and therefore entitle him to maintain this action. They cite us to the case of *Moore, etc., Co.* v. *Ward* (1912), 71 W. Va. 393, 76 S. E. 807, 43 L. R. A. (N. S.) 390, Ann. Cas. 1914C 263, as supporting their contention.

In *Kopp* v. *Reiter* (1893), 146 Ill. 437, 34 N. E. 942, 22 L. R. A. 273, 37 Am. St. 156, it was said:—"We have held in a number of cases that, in order to ascertain what sort of writing is sufficient to meet the requirements of the statute as above quoted, no form of language is necessary, if only the intention can be gathered; and that any kind of writing from a solemn deed down to mere hasty notes or memoranda in books, papers or letters will suffice; but that the writings, notes or memoranda must contain on their face, or by

reference to others, the names of the parties, vendor and vendee, a sufficiently clear and explicit description of the property to render it capable of being identified from other property of like kind, together with the terms, conditions (if there be any) and price to be paid, or other consideration to be given.  *  *  *" In *Jenkins* v. *Harrison* (1880), 66 Ala. 345, it was held that a deed left with a third party might satisfy the statute of frauds if it contained, considered alone or with other writings, enough to satisfy the requirements of the statute. In *Burke* v. *Meade* (1902), 159 Ind. 252, it was said: "As the *status* of both parties is to be changed if a decree goes in favor of the plaintiff, it is evident that uncertainty in the contract as to the plaintiff's duty is quite as fatal an objection to the granting of equitable relief, as uncertainty in the defendant's obligation." In the same case it was said that courts of equity strenuously require, as a prerequisite to a decree of specific performance, that, after summoning all evidence with which it is admissible to support the contract, its provisions shall be clear and specific in all their essential elements. In *Colson* v. *Thompson* (1817), 2 Wheat. 336, 4 L. Ed. 253, it was said:—"If the contract be vague or uncertain,  *  *  *  a court of equity will not exercise its extraordinary jurisdiction to enforce it, but will leave the party to his legal remedy." In *Moore, etc., Co.* v. *Ward, supra,* relied upon by appellant, the court said: "The question in the fore front presented for decision is, are the contracts, oral in the first instance, *but fully set forth in deeds of the vendors,* executed and deposited by them in a bank in escrow, enforceable?" (Our italics.) It was there held that in that jurisdiction such a deed would be received as satisfying the statute of frauds, though it was conceded that the weight of authority was the other way.

We are warranted in presuming that the appellant has said everything that could be said as to the contents of said deed upon which he now relies. We read the averments of his complaint in vain in our endeavor to discover from this deed, or from the deed and the said receipt, the terms and conditions of said oral contract of sale. The matters of which we have spoken concerning the deficiencies of said receipt, as not being sufficient to satisfy the requirements of the statute of frauds, inhere in the deed also, and one does not so supplement the other that it can be said that they, taken and considered together, fully cover the contract of sale. Appellant does not, therefore, bring himself within the rule, even as laid down in *Moore, etc., Co.* v. *Ward, supra,* and we need not pass upon the contention of counsel for appellee, that, in this jurisdiction, a deed signed and placed in escrow cannot be relied upon to supply the requirements of the statute of frauds.

We find no error in this record.

Judgment affirmed.