HIGHLAND INVESTMENT COMPANY *v*. THE KIRK COMPANY.

[No. 14,442. Filed February 17, 1933.]

*Charles W. Richards, Charles H. Cook,* and *Jonas P. Walker,* for appellant.

*Wendell L. Willkie, Charles L. Tindall,* and *Donald L. Smith,* for appellees.

KIME, P. J.—Appellant sued appellee, seeking to recover damages alleged to have been sustained by appellant by reason of the breach of an alleged contract wherein appellant was alleged to have been bound to purchase certain real estate and erect a building thereon, the alleged consideration therefor being an agreement upon the part of appellee to lease it at a specified rental for a term certain.

The complaint here in controversy is a second amended complaint in one paragraph alleging in detail the facts above and incorporating therein two letters, one addressed to Mr. Chas. Rauh and one to Mr. Chas. S. Rauh, Highland Investment Co., Union Stockyards, Indianapolis, Ind., and signed respectively by the Kirk Co., By Louis D. Freiberg and The Kirk Co., L. D. Freiberg, which appellant contends is sufficient memoranda in writing to satisfy the Statute of Frauds (§8045 Burns 1926).

It is alleged that one Katzow, a realtor, was negotiating with appellant in an endeavor to get them to buy a certain lot and erect a building for appellee. That appellee, before appellant bought the lot, executed a memorandum in writing which is the first letter above referred to, the body of which is as follows:

"Mr. Katzow has requested that I place in writing the facts as outlined namely that should you decide to purchase the lot in question on Virginia Avenue now occupied as South Side Theatre and then erect a 3-story building thereon without basement which is

to contain a sprinkler system, steam heating plant, elevator, marquise, with faced brick front that will agree to pay a rental of $600.00 per month during a period of twenty or twenty-five years according to agreement. Building to be erected as soon as possible."

That relying on this letter appellant accepted the "offer" and purchased the lot. That some time later appellee agreed to increase the rental if the building should be of brick and well and substantially built. That as evidence of such agreement the following letter was sent to appellant, the body of which is as follows:

"I have been doing some traveling since I saw you last and have been unable to write you a letter, as I stated, upon my return.

"I was just wondering what had been done so far in starting on the building. I shall be pleased to hear from you at your leisure as to how matters are progressing. I presume that the time will not be far distant when you will want me to come to your city to go over the plans, etc., and other matters. I shall be very pleased to come whenever you desire me.

"It is my understanding that this building is to be erected substantially as shown on the preliminary plans as presented some short time ago and to cost us $700.00 per month rent.

"I shall be pleased to hear from you at your convenience and with my kindest personal regards, beg to remain."

Further allegations were to the effect that appellant purchased the lot in question and was ready and willing at all times to erect the proposed building, but that appellee requested from time to time that appellant delay the construction work until on or about the —— day of July, when appellee wholly repudiated the alleged contract. That appellant could and would have promptly constructed the building for the use of appellee and could and would have completed and delivered possession thereof, to appellee without unreasonable delay. That appellant's damages were $50,000.00.

Appellee demurred for the reason that such complaint did not state facts sufficient to constitute a cause of action, setting out eleven items of memoranda.

The demurrer was sustained and following a refusal to plead further a judgment was rendered that appellant take nothing. Then this appeal in proper form, assigning as error the action of the court in sustaining the demurrer.

The question is, then: Do these two letters constitute such "memorandum or note thereof" in writing and signed by the party to be charged therewith that will take this out of the Statute of Frauds?

It is well settled in this state that a memorandum may be made up of several letters if such writings exhibit a full expression of the contract to which the parties have agreed, and in which nothing is left open for further negotiations by a reference to such other signed letters. *Ridgway* v. *Ingram* (1875), 50 Ind. 145 at 148, 19 Am. Rep. 706; *Briggs* v. *Watson et ux.* (1923), 80 Ind. App. 529 at p. 534, 139 N. E. 197; *Jennings* v. *Shertz et al.* (1909), 45 Ind. App. 120 at p. 125, 88 N. E. 729; *Ames* v. *Ames* (1910), 46 Ind. App. 597 at p. 604, 91 N. E. 509; *Graham* v. *Henderson Elevator Co.* (1916), 60 Ind. App. 697, 111 N. E. 332; *Feichter* v. *Korn, et al.* (1919), 70 Ind. App. 205, 123 N. E. 355.

Certainly the first letter is not a full expression of the contract which leaves nothing to further negotiations and since the second does not contain an express reference to the first, and does not contain internal evidence of their unity, relation or connection, they cannot be construed together, and neither of the letters is sufficient alone, nor are they both together. 27 C. J. 309 and 310.

The demurrer was properly sustained. The judgment of the Hancock Circuit Court is affirmed and it is so ordered.